WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| John McComish, et al., | ) | No. cv-08-1550-PHX-ROS |
| Plaintiffs, | ) | **ORDER** |
| vs. | ) | |
| Jan Brewer, et al., | ) | |
| Defendants. | ) | |

Pending before the Court is Plaintiffs' and Intervenor-Defendant Clean Election Institute's ("CEI"'s) Notice of Discovery Dispute (Doc. 110). Plaintiffs have asked Defendant CEI for a number of pieces of information that are matters of public record, but which would involve calculations of various sorts. CEI refused to answer these interrogatories and requests for production stating that they

> call for publicly-available information that is equally available to Plaintiffs and that gathering and analyzing this publicly-available information to determine the answer to this interrogatory would be no more burdensome for Plaintiffs than for CEI.

Plaintiffs cite to several cases holding that, as a general rule, discovery is not limited to matters that are not known by the discovering party or matters that are not a matter of public record. See, e.g., Rca Mfg. Co. v. Decca Records, 1 F.R.D. 433, 435; 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure: Civil § 2014 (2d. ed, 1994). CEI responds that this principle "does not mean that a party has a duty to collect and

1 analyze publicly-available data not in its possession, custody, or control in responding to an
2 interrogatory."

3 Rule 26(b)(2)(C) requires the district courts to "limit the frequency or extent of
4 discovery otherwise allowed by these rules or by local rules if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive . . . .

7 This is a textbook example of such a situation. If CEI does have any of the
8 information requested by the Plaintiffs already collated and calculated, it is discoverable.
9 CEI should not, however, be required to spend its time performing calculations on publicly
10 available figures that Plaintiffs could do just as easily for themselves. While Plaintiffs want
11 to generate admissions from CEI that the matching funds harm traditional candidates, this
12 does not justify the burden imposed on CEI as a result.

13 Plaintiffs further request that CEI "produce all expert reports, communications, or
14 opinions concerning the Clean Elections Act, which [it] regard[s] as relevant to the issues
15 raised by Plaintiffs' or Intervenor-Plaintiffs' motions for preliminary injunction." This has
16 led to a dispute over the meaning of the term expert. Plaintiffs have defined "expert" as
17 "anyone with greater than ordinary knowledge and understanding." CEI, on the other hand,
18 argues that "[t]his definition is contrary to the ordinary legal meaning of the term 'expert,'
19 particularly when read in conjunction with the request's references to 'reports' and
20 'opinions.' Were Plaintiffs' definition to be adopted, CEI argues that the request is
21 overbroad and unduly burdensome as, "[b]ecause CEI's work focuses on the Clean Elections
22 Act ("CEA"), the vast majority of its documents likely were prepared by someone with a
23 'greater than ordinary knowledge and understanding' of the CEA

24 Plaintiffs have repeatedly clarified what they meant by use of the word "expert" –
25 and, apparently, did so throughout the discovery process – thus eliminating any confusion
26 that might have resulted; their definition will stand for purposes of this discovery request.
27 The claim that the request is overbroad and unduly burdensome is, perhaps, more serious if
28 the discovery request was read to require CEI to turn over every document in its possession

- 2 -

1  about the CEA. However, the request specifies CEI must produce anything CEI deems
2  relevant to the issues raised in the Motion for Preliminary Injunction. If this request, given
3  these limits in scope, is, in fact, unduly burdensome, CEI must demonstrate that by laying
4  out the specific burden that would be placed upon it.

5  Accordingly,

6  **IT IS ORDERED** Plaintiffs may not require CEI to gather and analyze data in
7  response to its discovery requests where the underlying data is publicly available. Where
8  CEI has already performed the requested analysis or has requested documents on-hand, the
9  fact that the data is publicly available does not excuse it from compliance with Plaintiffs'
10 discovery requests.

11 **IT IS FURTHER ORDERED** CEI shall respond fully to Plaintiffs' Third Request
12 for Production operating under the definition of "expert" specified by Plaintiffs.

DATED this 26th day of September, 2008.

_____
Roslyn O. Silver
United States District Judge